```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


HENRY HYLAND,  # M7725                              PETITIONER

VS.                        CIVIL ACTION NO. 5:10-cv-76(DCB)(MTP)

STATE OF MISSISSIPPI, et al.                        RESPONDENT
```

ORDER

This cause is before the Court on the petitioner Henry Hyland's Motion for Relief from Judgment or Order **(docket entry 15)**. Having carefully considered the motion and response, and being fully advised in the premises, the Court finds as follows:

On October 12, 2010, this Court entered an Order and Final Judgment adopting Magistrate Judge Parker's Report and Recommendation and dismissing this case as barred by the statute of limitations. The petitioner's instant Motion for Relief from Judgment or Order contains arguments identical to those previously before the Court and thoroughly discussed in the adopted Report and Recommendation.

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has

>been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Proc. 60(b).

This Court was well aware of the petitioner's arguments in the instant motion when his original petition was dismissed and final judgment was entered in October of 2010. Hyland has failed to argue any legitimate basis under Rule 60(b) to warrant relief from the judgment against him or to request any relief that is within this Court's purview to afford. Therefore, Hyland is not entitled to relief from the order and judgment under Rule 60(b).

Accordingly,

IT IS HEREBY ORDERED that the petitioner Henry Hyland's Motion for Relief from Judgment or Order **(docket entry 15)** is DENIED.

SO ORDERED, this the 18th day of September, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE